FORM 17. Informal Reply Brief                                      Form 17 (p. 1)
                                                                   July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## INFORMAL REPLY BRIEF OF PETITIONER/APPELLANT

**Case Number:** 2024-1049

**Short Case Caption:** Vuksich v. McDonough

**Petitioner/Appellant:** John Vuksich

---

**Instructions:** Read the Guide for Unrepresented Parties before completing this form. Answer the questions as best as you can. Attach additional pages as needed to answer the questions. This form and continuation pages may not exceed 15 pages.

You may attach other record material as an appendix. Any attached material should be referenced in answer to the below questions. Do not attach material already attached to your informal opening brief. Please redact (erase, cover, or otherwise make unreadable) social security numbers or comparable private personal identifiers that appear in any attachments you submit.

---

1. Have you received a copy of the respondent/appellee's response brief?

   ☑ Yes    ☐ No

   **STOP:** You may use this form to respond to arguments raised in the brief of respondent/appellee. If you have not received that brief, you may not file this form. **Do not proceed or file this form if you answered "No."**

2. What are your arguments in response to the respondent/appellee?

   See INFORMAL REPLY BLOCK 2  on page 3 of 15

RECEIVED

JAN 2 4 2024

United States Court of Appeals
For the Federal Circuit

**FORM 17. Informal Reply Brief**

3. Are there other arguments you wish to make? ☑ Yes ☐ No
   If yes, please state them.

> See INFORMAL REPLY BLOCK 3 on page 14 of 15

Date: 01/22/2024

Signature: _____

Name: John M. Vuksich

**INFORMAL REPLY BLOCK 2**

Secretary's counsel is correct on his page 18 in concluding "Mr. Vuksich takes issue with the Veterans Court reliance on the standards for mandamus set out in *Martin*." Secretary's counsel argues this Court lacks jurisdiction to decide this appeal because "the Veteran Court's decision was based on the application of settled law to the facts of Mr. Vuksich's case". But on the other hand, this Court "shall decide all relevant questions of law" per 38 USC 7292 d.(1); that said, *Martin v. O'Rourke*, 891 F.3d 1338 (Fed. Cir 2018) is stand-alone bad law requiring no application of any fact from case at bar to arrive at that conclusion. As Appellant explained in his opening brief, *Martin* converts the threshold for any veteran's remedy for delay by the Secretary from being "unreasonable" as specified in 38 USC 7261(a)(2) to being sufficiently "egregious" as to satisfy the requirement for a writ of mandamus. While, of course, the affirmative grant of any mandamus is dependent upon the facts of the case, in addition to those facts alone, the grant of mandamus must separately be compatible with historic law. This is confirmed in the *Martin* opinion: "Instead, we remand for the Veterans Court to consider the <u>traditional mandamus requirements</u> as informed by the TRAC analysis" *Martin* 1338, 1343 n.5    *Martin's* shifting from the Veterans Court the role of deciding and remedying unreasonable delay per the statute to requiring the veteran to prove entitlement to a writ per TRAC requires the

abandonment of the "traditional mandamus requirements" found in case law documented in the DOJ manual found in the appendix, case law presented to this Court, and case law ignored by Secretary's counsel.

Secretary's counsel states on his page 19: "Instead, this Court recognizes that "no congressional timetable for handling these benefit claims currently exists." *Martin*, 891 F.3d at 1345." The TRAC method fails because it is designed to determine if a writ should be issued when the case law makes it is impossible to issue a writ. Since there is "no congressional timetable" the issuance of a writ is impossible because the power of a court to issue a writ according to the DOJ manual is limited to the enforcement of nondiscretionary, plainly defined, and purely ministerial duties. The application of TRAC to decide unreasonable delay is a rigged system since it can only, according to the case law, result in the denial of a writ because there is no duty "so plainly prescribed as to be free from doubt and equivalent to a positive command" enforceable by writ.

Appellant argued to the Veterans Court, and now to this Court, that the Veterans Court as a court created under Article I of the Constitution has powers both more and less restricted than Article III courts. The difference in these courts is greater than merely the lifetime appointment of judges and come into play here. This Court's own Local Rule 1 recognizes the Article I Veterans Court, in addition to being an appellate court, is also a trial court when applicable. What Article III

court is both a trial court and an appellate court? When a veteran seeks a remedy for unreasonable delay from the Veterans Court, the Veterans Court action is not "in aid of our prospective jurisdiction" but rather the Veterans Court is performing the judicial bread&butter of a court of original jurisdiction. Congress has explicitly charged the Veterans Court with a "shall" duty (38 USC 7261(a)) and granted "compel" authority (38 USC 7261(a)(2)) to remedy "unreasonable" delay; conversely Congress has not provided any sanctuary to the Secretary protecting his privilege of unreasonable delay by requiring the veteran to prove the delay is "egregious". It is well established in the DOJ manual that mandamus is not available if a statutory remedy exists. "[T]his [Supreme] Court's holdings that the writ may not issue while alternative avenues of relief remain available" *Cheney v. U.S. Dist. Court for D.C*, 542 U.S. 367, 369 (2004) The Secretary's counsel is silent on the role of the Veterans Court as a court of original jurisdiction. To distinguish, district courts may decide unreasonable delay per the APA; however. unlike the Veterans Court's broad power to "compel action", 28 USC 1361 commands that mandamus is the only available remedy to those Article III courts, and that mandamus is restricted by case law to only establishing a deadline[1]. *Martin's* dictate that a writ of mandamus is the appropriate tool to decide claims of

---

[1]Congressional Research Service Report "Administrative Agencies and Claims of Unreasonable Delay: Analysis of Court Treatment", March 21,2013

unreasonable delay in the veteran context cannot survive given the availability of

a statutory avenue of relief.

*Martin* assigns to the Veterans Court: "This "rule of reason" inquiry is best

left to the discretion of the Veterans Court." *Martin* 1338, 1346   Discretion is

defined as the freedom to decide what should be done in a particular situation; and

arbitrary is defined as being based on random choice or personal whim, <u>rather than</u>

<u>any reason or system</u>.  When the *Martin* Court found "no reason to articulate a

hard and fast rule with respect to the point in time at which a delay becomes

unreasonable" *Martin* 1338, 1346   any TRAC decision based upon discretion

without any reason or system guidance becomes arbitrary.   Despite Appellant's

footnote 3's characterization of the rule of reason as a slogan merely to justify this

unbounded discretion, Secretary's counsel is silent on what that rule of reason

might be and points to no authority defining the rule of reason in the veteran

context.  As counsel's own DOJ manual states, mandamus is limited to the

enforcement of nondiscretionary, plainly defined, and purely ministerial duties and

impregnable where discretion is involved.  *Martin's* assignment of discretion,

much less unbounded discretion, to the Veterans Court to decide what constitutes

unreasonable delay on a case-by-case basis against an imaginary standard is

arbitrary and not is observance of long standing case law.  Per 38 USC 7292 this

Court has duty to hold unlawful that which is arbitrary and/or without observance

of procedure required by law.  Restating, *Martin* is bad law.

Turning to the Appellant's solution to overcome unreasonable delay.

Secretary's counsel inaccurately characterizes Appellant's solution as a class

action with automatic grant of benefits as a due process implications of the

submission of a claim.  As far as Appellant can determine, the only solution

previously  presented to this Court is to jump the veteran to the head of the line.

This Court's distain for line-jumping is well documented.  Appellant's solution

proposes that after the passage of time that is clearly unreasonable delay that the

veteran be paid disability benefits on a temporary basis until the Secretary can find

the time to make a valid determination regarding entitlement to benefits.  Here's

the statute showing how to do it.  Judge Moore is a reliable reporter of fact, and

Judge Moore documents:

> The VA has suggested that this delay is in part attributable to data entry errors by VA employees. - - - "Via an internal study, VA determined that up to 88 percent of cases transferred to the Board had such errors." U.S. Gov't Accountability Off., GAO-17-234, - - - The government cannot justify delays in case processing by pointing to its own clerical errors such as data entry or labeling. *Martin v. O'Rourke,* 891 F.3d 1338, 1350 n.1 (Fed. Cir. 2018)

What Judge Moore repeats as reported from the VA itself is administrative error.

And Judge Reyna has stated: "This delay is unacceptable." *Monk* 1273, 1278.

And Melissa Chen of NBC news reports the turmoil inside the VA: "Thousands of

workers leave the VA amid a flood of new cases and quota demands," see

www.nbcnews.com/news/us-news/thousands-workers-leave-va-flood-new-cases-quota-demands-rcna103013.   The

delay caused in what Judge Moore calls a "fundamentally flawed program" *Martin*

1338, 1349 is well documented and universally accepted as administrative error.

38 USC 503 permits: "If the Secretary determines that benefits administered by the

Department <u>have not been provided by reason of administrative error</u> on the part

of the Federal Government or any of its employees, the Secretary may provide

such relief on account of such error as the Secretary determines equitable."  The

proximate cause of long wait times in the making of decisions regarding the award

of disability benefits does not rest with the veteran; yet the veteran is the

emotional and fiscal bill-payer for this "fundamentally flawed program"

mismanaged by the Secretary.  Is this "equitable"?  Judge Moore explains: "In

short, even when veterans win on appeal, they have lost years of their lives living

in constant uncertainty," *Martin* 1338, 1350  Congress has provided the statutory

mechanism to pay temporary benefits.  Secretary's counsel offers his disapproving

opinion on his pages 19-20 but then acknowledges there is no case law on the

point.

Next, to the discussion of the property interest protected by the 5th

Amendment.  Secretary's counsel writes on his page 15: "But nothing in *Cushman*

stands for Mr. Vuksich's proposition that a mere application to the VA

automatically grants the monetary benefits sought by the claimant upon the very application to the VA." How silly! Rather on page 14 of 26 Vuksich writes: "Appellant argues this Court should adopt the rule of the 9th Circuit that the property interest of veterans is protected by due process upon application for disability benefits."

Secretary's counsel continues on his page 16: "Mr. Vuksich's proposal turns the system on it head and provides a presumption of service connection upon the mere filing of a claim for benefits." While Appellant rejects Secretary's counsel's interpretation above, Appellant would agree that the presumption of service connection is appropriate but only after the Secretary violates a veteran's due process rights via his unreasonable delay, and then that presumption terminates once the Secretary finds the time to finally-evaluate the veteran's claim. The determination that the veteran acquires a property interest protected by the due process clause upon application for benefits as urged by Appellant raises the incentive for the Secretary to finally-decide claims for benefits in a timely manner. With redundant restatement from the Supreme Court:

> "It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined." *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972)

The recognition that the veteran acquires a property interest protected by

due process shifts the timeliness burden from the veteran to the Secretary who is responsible under 38 USC 501 to manage the veterans disability program.  And adopting Appellant's proposal ,doable under 38 USC 503 regarding the temporary payment of benefits after two years of the Secretary's non-conclusive action, gives meaning and remedy to the due process protection of the veteran's property interest.

And why are two years a reasonable period to resolve a claim; the *Chevron* Doctrine?  This Court does not need to decide when delay becomes unreasonable since the Secretary has.  As Appellant explained on page 20 of 26 of his opening brief, the two years isn't his creation, but comes from the Secretary during adjudication in *Brooks v. McDonough*, CAVA 20-7879.  An agency interpretation reached through formal proceedings with the force of law, such as adjudications, qualify for *Chevron* deference.  And the Secretary is in the unique and authoritative position to decide what constitutes "unreasonable delay".  See *Chevron v. Natural Resources Defense Council*, 467 U.S. 837 (1984) "a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency".  Under the *Auer* doctrine, the Secretary should be held to his representation made in court filings to the Veterans Court noting that a reasonable delay may include delay of months or occasionally a year or two.  Secretary's counsel did not address this matter in the

Response despite the undeniable conclusion that the Secretary's construction of "unreasonable" post-*Martin* must replace the *Martin* court's discretionary rule-of-reason "egregious" standard of unreasonable delay.

The silence of the Secretary's counsel continues into constitutional jurisdiction issues raised to the Veterans Court and this Court regarding the distinction between an Article I court and an Article III court.  Despite Appellant's declaration on his page 24 that he represents only himself and that his remedy is necessarily broad to accommodate the explicit concerns of the Court related to line jumping, the Veterans Court and the Secretary's counsel insist the remedy Appellant seeks is a prohibited class action maintained by a *pro se* party. Appellant argues the Article I Veterans Court has been granted broader powers here than Article III courts.  Describing restrictions on Article III courts imposed by Section 2 of Article III,  Judge Moore explains:

> "Under separation of powers, we do not have the authority to require the Secretary to take specific actions to fix these many problems across all veterans' cases—an action desperately needed. Instead, we are constrained to the facts of the particular cases in front of us."
> *Martin* 1338, 1351

To distinguish, the Article I Veterans Court does not suffer from the separation of powers nor is the Veterans Court constrained to the facts of a particular case. Already stated above, Congress has explicitly charged the Veterans Court with the "shall" duty (38 USC 7261(a)) and granted "compel" authority (38 USC

7261(a)(2)) to remedy "unreasonable" delay.  And by statute that "compel" authority allows the Article I Veterans Court to take any action "to the extent necessary" to fix unreasonable delay.  The Veterans Court can "fix these many problems across all veterans' cases" because as explained in *Ex Parte Bakelite Corp'n*, 279 U.S. 4483 (1929) it is created under Article I (not Article III) with powers defined by Congress with jurisdiction directed to the execution of one or more of its legislative powers . There is no separation of powers implication because the Article I court is addressing Article I legislative powers and the Congressional grant of 38 USC 7261 has not constrained the Veterans Court to a class action as a requirement to compel broad remedy impacting many veterans.

Does the Veterans Court have the necessary Constitutional jurisdiction to order the actions this *pro se* Appelland seeks?  Yes, but.  Appellant's second Constitutional issue presented on his page 17 of 26 asks this Court to rule on the validity of the Veterans Court self-adherence to Section 2 of Article III.  This is a jurisdictional reduction made not by Congress, but  by the Veterans Court.  It is a self-imposed, forbidden modification of their jurisdiction that was established by Congress.  This Court should decide the applicability of Section 2 to Article I courts.  In case at bar, the answer is essential to a ruling on  Appellant's prayers.

Secretary's counsel charges on page 18 that "Mr. Vuksich proposes to subvert the statutory authority by appealing to the jurisdiction of the Veterans

Court." No, Appellant seeks statutory application within the full boundaries of the Veterans Court's jurisdiction. Counsel continues: "fixing the VA benefits system is simply not within the scope of the authority granted to the Veterans Court". Twice Appellant has quoted 38 USC 7261 that states "to the extent necessary"; Appellant disagrees with counsel's "not within scope". Appellant is not interested in "fixing" the VA; Appellant is seeking his own "disability benefits [that] are nondiscretionary, statutorily mandated." And if other veterans are collaterally helped by Appellant's case, good!

Appellant's initial filing to the Veterans Court included a letter from his treating physician and that filing included a footnote 2 that explained the purpose of that letter. Appellant's filing to this Court included that letter with a repeated footnote 2. Appellant has made a claim of a due process violation and the letter is a "showing" that satisfies this Court's *Cushman* hurdle and is a "legitimate claim" under Supreme Court's *Roth* necessary to establish a property interest protected by the due process clause. The Veterans Court and Secretary's counsel on his pages 9-10 refuse to accept the stated purpose of the letter, instead redefining the purpose as the factual justification for a writ. Appellant restates his claim as a singular veteran that he has a property interest protected by the due process clause of the 5th Amendment that has been denied. In deciding this question for this single veteran, Appellant again relies upon Judge Moore: "we [this Court] are

constrained to the facts of the particular cases in front of us." *Martin* 1338, 1351

Appellant asks the Court explicitly to decide this due process question for this

singular veteran based strictly upon the facts of this particular case in front of this

Court, i.e the treating physician's letter provided for that purpose and any facts

provided by Secretary's counsel, and based upon the law of *Cushman* and *Roth*.

Appellant has been waiting for hearing before the Board of Veteran Appeals for

over two years; as Secretary's counsel helpfully declares on his page 15: "The

hallmark of procedural due process under the Fifth Amendment is "notice and fair

opportunity to be heard." On 17 February 2024 Appellant's wait for his

"opportunity to be heard" will extend beyond 2 years into 3 years.

**INFORMAL REPLY BLOCK 3**

As stated before, *Martin's* adoption of TRAC to decide unreasonable delay

is bad law. The Veterans Court and Secretary's counsel hand waved away

subsumed questions of law and sidecar issues presented to the Veterans Court.

"The "rule of reason" analysis may also consider whether the delays complained of

are based on complete inaction by the VA, " *Martin* 1338, 1346; so how does the

veteran gain the necessary access to the inner workings of the VA to establish

complete inaction? Under the Veterans Court Rule 21 only the Veterans Court

can compel the Secretary to explain those inner workings thus filtering

information necessary to the veteran. And TRAC factor 5 calls for the

consideration of a veteran's personal financial situation while those facts are not part of the criteria for the award of disability benefits, nor were those facts ever presented to the Secretary for his consideration. The *Martin* Court's solution to unreasonable delay requires the veteran to provide evidence not available to him and to justify entitlement to disability benefits by criteria not proscribed in regulation or law.

*Martin* modified *Cushman* by changing "showing" to "entitlement"; *Martin* disregarded *McKnight* that interpretive doubt is to be resolved in the veteran's favor; and *Martin* disregarded case law on mandamus. Changes in law by a panel are the prerogative of this Court, en banc.

*Martin* becomes irrelevant for deciding "unreasonable delay" should this Court accept the Secretary's post-*Martin* criteria under *Chevron* that reasonable delay may include a delay of months or occasionally a year or two. And the delay that Judge Reyna calls "unacceptable" can be mitigated with the temporary payment of benefits under 38 USC 503.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of January 2024, the foregoing materials were filed with the Court by United States Mail to the following address:

> United States Court of Appeals for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

I HEREBY CERTIFY that on the 22nd day of January 2024, the foregoing materials were sent by United States Mail to the Respondent at the following address:

> U.S. Department of Justice
> Commercial Litigation Branch, ATTN: Mr. Tate Walker
> Civil Division
> P.O. Box 480
> Ben Franklin Station
> Washington, DC 20044

John M. Vuksich
1553 Bayville Street
Norfolk, VA 23503
(512) 680-4048
john.vuksich@gmail.com

# PRIORITY MAIL®

0 Lb 9.20 Oz

RDC 03

EXPECTED DELIVERY DAY: 01/24/24

SHIP
TO:

 WASHINGTON DC 20439

## USPS TRACKING® #



9505 5167 1817 4022 1384 14

**TRACKED ■ INSURED**



# PRIORITY® MAIL

e.

estrictions apply).*

nd many international destinations.

n form is required.

claims exclusions see the

ability and limitations of coverage.

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKU

how2recycle.

**FROM:**
VUKSICH
1553 Baywillest
Norfolk, VA23503

**TO:**

United States Court of Appeals for the Federal Circui
717 Madison Place, N.W.
Washington, D.C. 20439